IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE, | : |
|                           **Plaintiff,** | : *Civil Action No.*: **1:20-cv-08446-LJL** |
| v. | : **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM** |
| UBER TECHNOLOGIES, INC., | : |
|                           **Defendant.** | : |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM**

Plaintiff Jane Doe submits this Memorandum of Law in Support of Plaintiff's Motion for Leave to Proceed Under Pseudonym, together with the Declaration of William A. Brewer, III, in support of Plaintiff's request to proceed in this matter under the pseudonym, "Jane Doe", as set forth in Plaintiff's Summons and Complaint,[1] and states in support as follows:

**I.**

**PRELIMINARY STATEMENT**

Plaintiff's claims in this case involve allegations that Defendant, Uber Technologies, Inc. ("Uber"), acted negligently by failing to implement appropriate safety standards in its hiring of drivers and monitoring of services. The claims arise from a tragic event, where an Uber driver sexually assaulted Plaintiff during a ride from downtown Manhattan to her home in Rye Brook,

---

[1] *See* Exhibit ("Ex.") A to the Declaration of William A. Brewer, III ("Brewer Decl."). Defendants have since removed the action before the Supreme Court of New York for resolution to this Court, the United States District Court for the District of New York. *See* Notice of Removal, attached as Ex. B to the Brewer Decl.

1

New York. As a result of the attack, Plaintiff suffered severe physical harm and emotional and psychological distress.

Due to the highly personal and sensitive nature of the allegations in the Complaint, and the likelihood that this matter will garner significant attention from the media given the prominence of the Defendant Uber, Plaintiff respectfully requests to remain anonymous in order to safeguard her privacy as a victim of sexual assault.

Accordingly, in order to protect Plaintiff's privacy interests over the sensitive information, this Court should allow Plaintiff to pursue this matter under the pseudonym, "Jane Doe."

## II.

## FACTUAL BACKGROUND

Plaintiff is the victim of sexual assault perpetrated by a driver employed by Defendant, Uber Technologies, Inc.[2] In her Complaint, Plaintiff alleges claims of negligence, negligent infliction of emotional distress, and commission of deceptive commercial practices against Defendant Uber.[3]

The claims all arise from a regrettable event that occurred on June 7, 2018. After working a full day at her office on Wall Street, Plaintiff met several of her friends to celebrate a birthday.[4] At the end of the celebration, Plaintiff, relying on Uber's numerous campaigns billing itself as the safe transportation option for inebriated individuals, ordered an Uber to return safely back from Manhattan to her home in Rye Brook, New York.[5]

---

[2] *See* Brewer Decl., at § 4.
[3] *See* Brewer Decl., Ex. A.
[4] *See* Brewer Decl., Ex. A, at § 27.
[5] *See* Brewer Decl., Ex. A, at § 29.

At the time of the night when Plaintiff requested the Uber, around 1:20 a.m., the Uber application estimated that the ride home should have taken from 40 to 45 minutes.[6] Given the lateness of the hour and comforted by Uber's promises of safety, Plaintiff nodded off in the car.[7] Plaintiff was abruptly awoken by the Uber driver's shocking touch on her genitals.[8] What followed was a struggle to free herself from her attacker, the Uber driver, which resulted in a severe physical injury, not to mention intense emotional and psychological distress.[9]

As a result of the injury sustained while trying to fend off her attacker, Plaintiff was left unable to defend herself.[10] After a few minutes the Uber driver relented, and returned to the driver's seat, as if nothing had happened.[11] Fearing further conflict with the Uber driver as well as the consequences of being abandoned on the side of the road at that hour of the morning, Plaintiff remained in the car– silent, shaken, unable to use her right arm, and afraid.[12] Plaintiff eventually made it home to her husband, at least 30 minutes later than the original time of arrival.[13]

Following the tragic event, Plaintiff suffered extensive emotional, physical and psychological trauma.[14] The details of the injuries sustained are extremely private and of a highly sensitive nature, and therefore, Plaintiff should be allowed to proceed in this matter under a pseudonym, to spare Plaintiff from the stigmatization and potential embarrassment that may arise as a result of the adjudication of this matter in a public forum.[15]

---

[6] *See* Brewer Decl., Ex. A, at § 31.
[7] *See* Brewer Decl., Ex. A, at § 31.
[8] *See* Brewer Decl., Ex. A, at § 32.
[9] *See* Brewer Decl., Ex. A, at parts C and E.
[10] *See* Brewer Decl., Ex. A, at § 33.
[11] *Id*.
[12] *Id*.
[13] *See* Brewer Decl., Ex. A, at § 34.
[14] *See* Brewer Decl., at § 5.
[15] *Id*.

For the reasons set forth herein and in the accompanying Declaration of William A. Brewer, III (the "Brewer Declaration"), this Court should find that Plaintiff has shown good cause to remain anonymous in this matter and allow Plaintiff to file the Summons and Complaint under the pseudonym "Jane Doe."

## III.

## ARGUMENTS AND AUTHORITIES

Although Federal Rule of Civil Procedure 10(a) requires that "all the parties" be named in the title of the complaint, courts recognize that there are exceptions to this rule.[16] The Rule 10(a) requirement, "though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly."[17] "When determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant."[18] To aid in this balancing, the Second Circuit has identified a non-exhaustive list of factors:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;
> (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;
> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age;
> (5) whether the suit is challenging the actions of the government or that of private parties;
> (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any)

---

[16] *See Doe v. Fedcap Rehab. Servs., Inc.*, No. 17-CV-8220 (JPO), 2018 WL 2021588, at *1 (S.D.N.Y. Apr. 27, 2018).
[17] *See id.*, citing *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 188–89 (2d Cir. 2008).
[18] *See Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 189 (2d Cir. 2008).

> differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;
>
> (7) whether the plaintiff's identity has thus far been kept confidential;
>
> (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;
>
> (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and
>
> (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.[19]

"[A] district court is not required to list each of the factors or use any particular formulation as long as . . . the court balance[s] the interests at stake in reaching its conclusion."[20]

The relevant factors in this case support the Court granting this Motion.

### A. Plaintiff Should Be Allowed To Proceed Anonymously Because The Litigation Involves Matters That Are Highly Sensitive And Of Personal.

Courts have recognized that "[h]istorically, an exaggerated concern for female chastity and a regrettable inclination to blame the victim for sexual assaults, along with society's general respect for sexual privacy, have resulted in an atmosphere in which victims of sexual assault may experience shame or damage to reputation."[21] Consequently, courts have often granted pseudonymity solely (or in large part) because of the "sensitive nature of, and stigma attached to, the subject matter in certain cases."[22]

---

[19] *Id.* at 190 (alterations, citations, and internal quotation marks omitted).
[20] *Id.* at 191 n.4.
[21] *Doe v. Del Rio*, 241 F.R.D. 154, 159 (S.D.N.Y. 2006).
[22] *Id.* at n. 10 (collecting cases). *See also Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F.3d 869, 872 (7th Cir. 1997) ("[F]ictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties."); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 196 (E.D.N.Y. 2006) (collecting cases granting anonymity in cases involving abortion, sexual assault, or AIDS status).

Here, like in *Doe v. Rockefeller University*, Plaintiff's claims involve alleged acts that will "no doubt center on information about Plaintiff of a sensitive and highly personal nature."[23] As the alleged victim of sexual assault, Plaintiff has undoubtedly suffered great emotional, physical and psychological distress. Revelation of Plaintiff's name would indeed unsettle Plaintiff and could potentially deter Plaintiff from litigating this matter.[24]

An additional factor that would support Plaintiff's need to proceed anonymously is the fact that this case presents no particularly strong public interest in revealing Plaintiff's identity beyond the general "universal public interest in access to the identities of litigants."[25] Moreover, Defendant's prejudice as to Plaintiff remaining anonymous is inexistant, as while "[i]t is elementary that the primary function of a pleading is to apprise an adverse party of the pleader's *claim*" the same does not necessarily apply to a pleader's name.[26]

In sum, because Plaintiff is an alleged victim of sexual assault, and has suffered emotional, physical, and psychological distress, the use of a pseudonym "would avoid any sensational publicity" associated with the widely known Defendants, Uber Technologies Inc.[27]

For these reasons, a grant of anonymity by this Court is warranted.

---

[23] *Doe v. Rockefeller University*, No. 950172/2019, 2019 WL 6354255, at *3 (N.Y. Sup. Ct. Nov. 22, 2019).
[24] *Doe v. New York Univ.*, 6 Misc. 3d 866, 880, 786 N.Y.S.2d 892, 904 (Sup. Ct. 2004).
[25] *Doe v. Megless*, 654 F.3d 404, 411 (3d Cir. 2011).
[26] *Id*. at *2, *citing Cole v. Mandell Food Stores, Inc.*, 93 NY2d 34, 40 (1999).
[27] *Id*.

## IV.

## **CONCLUSION**

Plaintiff respectfully requests that the Court grant this Motion and allow Plaintiff to proceed in this matter anonymously, under the pseudonym "Jane Doe."

**Dated**: October 21, 2020

                                              Respectfully submitted,

                                              */s/ William A. Brewer, III*
                                              William A. Brewer, III
                                              **BREWER, ATTORNEYS & COUNSELORS**
                                              750 Lexington Avenue, 14th Floor
                                              New York, New York 10022
                                              Telephone: (212) 489-1400
                                              Facsimile: (212) 751-2849
                                              wab@brewerattorneys.com

                                              **ATTORNEYS FOR PLAINTIFF**