UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

        Plaintiff,

        v.

UBER TECHNOLOGIES, INC.

        Defendant.

Docket No.: 20-cv-08446 (LJL)

**DECLARATION OF RYAN BUOSCIO IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

STATE OF INDIANA    )
                   ) ss
COUNTY OF PORTER    )

I, Ryan Buoscio, hereby make the following declaration, in lieu of affidavit, in accordance with Section 1746 of Title 28 of the United States Code. I am aware that this Declaration will be filed with the United States District Court for the Southern District of New York, and that it is the legal equivalent of a statement under oath.

Under penalty of perjury under the laws of the United States of America, I state the following:

1. I am currently employed as Senior Legal Program Manager for the Insurance Litigation Team. I have been employed by Uber Technologies, Inc. ("Uber") since November 2016.

2. In my position with Uber, I am familiar with various aspects of the Uber smartphone technology application (the "Uber App") including identifying and analyzing drivers who have access to the Uber App and a driver's usage of same. I am also familiar with Uber's business practices, regularly conducted business activity and business records, including the records of independent drivers.

DocuSign Envelope ID: 3C5C9C58-F15A-4C02-91AA-321BC441D1CB

3. For purposes of this affidavit, I have reviewed relevant Uber records including those records related to independent driver Iqbal Hussain

4. Uber developed and licenses a mobile software application that permits users to request a ride from independent transportation providers ("Drivers") via a smartphone, commonly referred to as the driver version of the Uber App.

5. In order to access the driver version of the Uber App, Drivers must complete all the necessary steps required including meeting all local and state regulations.

6. I have reviewed plaintiffs' Complaint in the above-captioned matter relating to Driver Hussain.

7. I personally searched the business records maintained by Uber of Driver Hussain and personally reviewed and searched Uber's business records based on Hussain's full name, phone number, and email address.

8. Based on my investigation, I located a copy of Hussain's New York City Taxi and Limousine Commission ("TLC") license, license number 5678579, a true and correct copy of which is annexed to this motion as Exhibit "D".

9. Uber does not train commercial independent drivers such as Hussain because the training of TLC-licensed drivers is dictated, required, and handled by the TLC. Thus, by virtue of having a valid TLC license, Hussain underwent the same training required of all TLC licensed drivers in New York City.

10. Issuance of a TLC license indicates to Uber and to the world that the recipient of the license has met all of the TLC's requirements including mandatory training, background check, and drug testing.

11. Plaintiff alleges that Uber was negligent in failing to track drivers and vehicle locations and to develop effective oversight. This is incorrect. The Uber App allows for tracking of smartphone

DocuSign Envelope ID: 3C5C9C58-F15A-4C02-91AA-321BC441D1CB

devices via GPS and even permits riders to track a vehicle location both before and during a trip. After the trip, riders are sent an email with a "trip receipt" that shows the route taken and the amount charged with a breakdown for any applicable taxes and fees.

12. The Uber App also contains a "Safety Toolkit" which allows riders to share their location, route and real time updates for their trip with a friend or loved one. The Safety Toolkit also allows riders to call 911 from inside the App or to report any issue at all to Uber.

13. Plaintiff further alleges that Uber should have been alerted to stops by Drivers or "deviations from assigned routes." There are no "assigned routes" when using the Driver version of the Uber App as Drivers are free to take any route they wish, to utilize any navigational software, app or tool they wish, to follow Rider instructions as to routes and directions, or to make stops at a Rider's request. Thus, such monitoring would be impossible.

14. Plaintiff also alleges that Uber failed to monitor its drivers via video. Similar to licensing and background checks, vehicle standards are dictated by the TLC and Uber ensures that vehicles meet TLC standards and regulations. There is no legal requirement for video monitoring in For Hire vehicles.

15. When plaintiff agreed to use the Uber App, she agreed to Terms of Use. A true and correct copy of the Terms of Use in effect on the date of the alleged incident that forms the basis for the Complaint is annexed to this motion as Exhibit "B".

16. I further state that I am an authorized agent of Uber, and that I verified the foregoing Declaration.

DocuSign Envelope ID: 3C5C9C58-F15A-4C02-91AA-321BC441D1CB

Dated: October 29, 2020

DocuSigned by:

*Ryan Buoscio*

07B92AC9FB044DB...

RYAN BUOSCIO

I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct to the best of my knowledge. This instrument is being executed on October 29, 2020 at Valparaiso, Indiana. Due to present Shelter In Place advisories, access to notaries is inadvisable given the threat to public safety. To the extent this instrument requires a notarized signature, I will provide a supplemental affidavit once possible.