UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

                Plaintiff,

                v.                         Docket No.: 20-cv-08446 (LJL)

UBER TECHNOLOGIES, INC.

                Defendant.

---

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT UBER TECHNOLOGIES, INC.'S FRCP 12(b)(6) MOTION TO DISMISS

*Defendant Requests Oral Argument*

GOLDBERG SEGALLA LLP
Karen Saab-Dominguez, Esq.
Derek M. Zisser, Esq.
*Attorneys for Defendant*
*Uber Technologies, Inc.*

28383649.v1

## TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES    **ii**

I.    PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED FOR NEGLIGENCE    2

    **a.    Plaintiff Admits That She Is Not Seeking to Hold Uber Vicariously Liable for the Intentional Torts of Hussain**    2

    **b.    Plaintiff Failed to Plead a Causal Connection Between Uber's Alleged Conduct and the Intentional Torts Alleged Herein**    2

    **d.    Plaintiff Has Failed To Properly Plead Fraudulent Misrepresentation**    5

    **e.    Any Alleged Misrepresentations Only Induced Plaintiff to Use the Uber Application and Were Not Causally Related to the Assault**    6

II.    PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS    6

III.    PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED FOR VIOLATING NEW YORK'S CONSUMER PROTECTION LAW    7

IV.    PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND HER COMPLAINT    9

**CONCLUSION**    9

28383649.v1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Johnson v. New York City Bd. Of Educ.,
  270 A.D.2d 310, 704 N.Y.S.2d 281 (2d Dept 2000) ...............................................................7

Maurizzo v. Goldsmith,
  230 F.3d 518 (2d Cir. 2000)....................................................................................................8

**Statutes**

STATE A CLAIM FOR VIOLATING NEW YORK'S CONSUMER
  PROTECTION LAW.................................................................................................................7

**Other Authorities**

Fed. R. Civ. Pro. 12(b)(6) ..........................................................................................................1

Fed. R. Civ. Pro. § 12(b)(6) .......................................................................................................2

ii

28383649.v1

## PRELIMINARY STATEMENT

Defendant, UBER TECHNOLOGIES, INC., (hereinafter "Uber"), pursuant to Fed. R. Civ. Pro. 12(b)(6), respectfully submits this Reply Memorandum Of Law in further support of its motion seeking to dismiss plaintiff's Complaint.

Each of plaintiff's causes of action must fail for the same reason: plaintiff has utterly failed to plead that any of Uber's alleged actions, inactions or conduct were the cause of her damages/injuries rather than the intentionally tortious conduct of non-party Iqbal Hussain.

Instead, plaintiff attempts to disassociate the alleged tortious conduct of non-party Iqbal Hussain from Uber and argues that Uber's alleged acts are an "independent source" of her injury. This is simply impossible as this alleged incident would not have occurred absent Hussain's alleged choice to engage in reprehensible, intentional, and tortious conduct.  In fact, plaintiff readily admits in her Memorandum of Law in Opposition that Uber merely induced her to use the Uber application.  She has failed to rebut the fact that she has not pleaded a causal relationship or connection between Uber's alleged conduct and the injuries alleged herein.

Similarly, plaintiff's claim for negligent infliction of emotional distress fails because she has not and cannot demonstrate a causal relationship between Uber's alleged acts and Hussain's alleged tortious conduct.  Plaintiff cannot seriously contend that Uber's alleged actions, which plaintiff admits merely induced her to use the Uber application, resulted in the damages and injuries alleged herein rather than the alleged tortious conduct of Hussain.

Lastly, plaintiff has failed to establish that she pleaded a claim for a violation of New York's deceptive trade practices act as she did not plead and cannot establish a causal connection between this horrific incident and Uber's alleged materially misleading and consumer oriented conduct.

1

28383649.v1

Accordingly, plaintiff has failed to state a claim for which relief can be granted requiring dismissal of her Complaint pursuant to Fed. R. Civ. Pro. 12(b)(6).

## ARGUMENT

### I. PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED FOR NEGLIGENCE

Plaintiff seeks to cast a wide net and despite unartfully pleading numerous causes of action, she seeks to classify them all as simple negligence. Exhibit "A"[1] at ¶¶ 49-51. Her pleadings and Memorandum of Law in Opposition say otherwise however and this Court must necessarily dissect plaintiff's "negligence" cause of action due to the numerous different theories advanced therein.

#### a. Plaintiff Admits That She Is Not Seeking to Hold Uber Vicariously Liable for the Intentional Torts of Hussain

Initially, plaintiff admits that she is not seeking to hold Uber vicariously liable for Hussain's alleged actions, but that Uber is an "independent source" of her injuries. Memorandum of Law in Opposition, dated November 13, 2020 (hereinafter "Memo. In Opp.") at pp. 6-7 ("…Plaintiff is not seeking to hold Uber liable for the assault per se, but rather is seeking to hold Uber accountable for its failure to implement proper safety mechanisms…")

As such, Uber is entitled to an Order dismissing any claims of vicarious liability with prejudice.

#### b. Plaintiff Failed to Plead a Causal Connection Between Uber's Alleged Conduct and the Intentional Torts Alleged Herein

Plaintiff readily and repeatedly admits that Uber's conduct only led her to "solicit Uber's services" and "summo[n] an Uber to get home." Memo. In Opp. at pp. 7, 9. Plaintiff does not plead, nor can she prove, how Uber's conduct led Hussain to allegedly intentionally assault her.

---

[1] Plaintiff's Complaint, annexed to the Declaration of Karen Saab-Dominguez as Exhibit "A", ECF Doc. No. 10.

2

Under New York law, there is a difference between causation and merely furnishing the condition or occasion for the occurrence of an event.  Sheehan v. New York, 40 N.Y.2d 496, 503 (1976) (Holding that a bus stopped in a travel lane and obstructing a street was not one of the causes of an accident when the other vehicle struck plaintiff's vehicle in the rear.); see also, Rivera v. New York, 11 N.Y.2d 856, 857 (1962) (Holding that a landlord who rented an apartment with a plumbing defect that caused the bathtub to fill with hot water was not liable when an infant plaintiff, who was wearing wet shoes, stood on the tub and fell in the water because while the hot water "created the specific injuries" it "did not cause the intervening act which was not foreseeable.")

Moreover, New York Courts have repeatedly held that the intervening acts of a third-party between the defendant's conduct and a plaintiff's injury severs the causal connection.  Lee v. New York City Hous. Auth., 25 A.D.3d 214, 220, 803 N.Y.S.2d 538 (1st Dept 2005).  Consistent with this principal, New York Courts have consistently resisted attempts to hold defendants liable for unanticipated intervening acts of third-parties.  See Ventricelli v. Kinney Sys. Rent A Car, 45 N.Y.2d 950, 951 (1978); see also, Boltax v. Joy Day Camp, 67 N.Y.2d 617, 619-620 (1986); Murray v. New York City Hous. Auth., 269 A.D.2d 288, 289-290, 703 N.Y.S.2d 140 (1st Dept 2000); Rizzi by Rizzi v. Scarsdale Leasing Corp., 223 A.D.2d 696, 697, 637 N.Y.S.2d 470 (2d Dept 1996); Pena v. Anokye, 160 A.D.3d 586, 586-587, 74 N.Y.S.3d 568 (1st Dept 2018).

This is especially true in cases of intentional or criminal acts.  Breitkopf v. Gentile, 41 F.Supp.3d 220, 274 (EDNY 2014), citing Kush v. City of Buffalo, 59 N.Y.2d 26, 32-33 (1983).

Here, accepting the allegations in the Complaint as true, as the Court must at this stage, Uber merely furnished the occasion for the alleged occurrence of the events in plaintiff's Complaint but did not cause the intervening act, to wit, the alleged assault committed by Hussain.

3

Nor is such a determination premature as there are circumstances in which causation may be decided as a matter of law, especially where the allegations involve "independent intervening acts" such as here. Derdiarian v. Felix Contractor Corp., 51 N.Y.2d 308, 315 (1980); see also, Murray, supra., 269 A.D.2d at 289-290.

Although Uber denies that it breached any duty to plaintiff, such a determination is irrelevant because plaintiff has not pleaded and cannot show how Uber's actions were a cause of her damages and injuries rather than the assault allegedly committed by Hussain.

**c. Plaintiff Relies Upon an Improper Standard in Pleading that Uber Was Negligent in Screening and Monitoring Independent Drivers and in Failing to Provide "Notification Services" to Riders**

Plaintiff seeks to have her cake and eat it too, arguing that Uber should be held to a higher standard than would be applied if the incident at issue arose from a yellow taxicab, a black car or any other mode of For-Hire transportation,[2] but also arguing that the service offered by Uber are no different from those of a yellow taxicab or a black car in order to demonstrate that Uber owed plaintiff a duty of care.[3] This is an untenable argument and demonstrates the impossibility of plaintiff's ability to state a claim against Uber for this heinous alleged assault.

Plaintiff does not address the fact that she has pleaded an impossible, flawed and, most importantly, not legally required duty of care in her negligence allegations. In fact, Uber has exceeded the standards and regulations for For-Hire drivers set by the New York City Taxi & Limousine Commission ("TLC"). Uber requires all drivers to meet TLC requirements for For-Hire drivers, including background checks, fingerprinting and criminal history searches.

---

[2] Memo. In Opp. at p. 9 (referring to defendant's arguments about compliance with New York City Taxi and Limousine Commission regulations and standards as being insufficient);

[3] Memo. In Opp. at p. 3 ("…the services provided by Uber are no different than those performed by taxi drivers or black car drivers…"); Memo. In Opp. at p. 8 ("…Uber and taxicab companies alike…").

4

Declaration of Ryan Buoscio at ¶¶ 8-10.[4]  Uber not only complies with all regulatory requirements, but exceeds minimum requirements by providing tracking via GPS, providing trip receipts, permitting riders to share their location, permitting riders to call 911 from inside the app and giving riders the opportunity to report any issue at all to Uber through the application.  Declaration of Ryan Buoscio at ¶¶ 11-12.[5]

There is no such requirement that Uber implement a monitoring system, monitor drivers or alert riders when a vehicle stops and plaintiff cannot argue that such a standard should be applied herein.

As such, plaintiff has failed to plead a claim upon which relief can be granted requiring dismissal of her Complaint.

### d.  Plaintiff Has Failed To Properly Plead Fraudulent Misrepresentation

Putting aside the fact that Uber did not make any representations to plaintiff, as specifically stated in the Rider Terms of Use,[6] plaintiff has failed to properly plead either negligent or fraudulent misrepresentation requiring dismissal of those claims pursuant to Fed. R. Civ. Proc. 12 (b)(6) and 9(b).

Plaintiff has not set forth the time, place, speaker and content of the alleged misrepresentations, instead making only vague and generic allegations.  Exhibit "A"[7] at ¶¶ 2, 15, 16, 17 and 29.  These allegations are too vague to state a claim for fraudulent misrepresentation under Fed. R. Civ. Pro. 9(b) requiring dismissal.  Bertini v. Smith & Nephew, Inc., 8 F. Supp. 3d 246, 250 (EDNY. 2014); Sendar Co., Inc. v. Megaware, Inc., 705 F. Supp. 159, 162 (SDNY 1989).

---

[4] ECF Doc. No. 11.
[5] ECF Doc. No. 11.
[6] ECF Doc No. 10, Exhibit "B".
[7] ECF Doc. No. 10, Exhibit "A".

28383649.v1

### e. Any Alleged Misrepresentations Only Induced Plaintiff to Use the Uber Application and Were Not Causally Related to the Assault

As noted at the outset, plaintiff has failed to address the lack of any causal connection in her Complaint between the intentional assault allegedly committed by Hussain and Uber's conduct. Instead, she readily and repeatedly admits throughout her opposition papers that Uber's alleged misrepresentations did anything more than cause her to choose to use the Uber application. The assault at issue herein did not occur due to that choice, rather due to the choice of Hussain to engage in intentional conduct.

For either negligent or fraudulent misrepresentation, plaintiff must plead that any misrepresentation directly caused her loss, rather than the intentional torts she alleges were committed by Hussain. See Minzer v. Barga, Uber Techs., Inc., et al., -- Misc 3d -- 2020 NY Slip Op 31458(U) (Sup Ct, NY County May 22, 2020);[8] see also, Fusco v. Uber Techs., Inc., No. 17-00036, 2018 U.S. Dist. LEXIS 126428, at *11-12 (E.D. Pa. July 27, 2018). Plaintiff has failed to plead how her alleged injuries/damages arose from any alleged misrepresentation rather than the intentional assault alleged to have been committed by Hussain.

Accordingly, plaintiff has failed to state a claim for negligent or fraudulent misrepresentation upon which relief can be granted requiring dismissal.

## II. PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Plaintiff has failed to address the major deficiency, a lack of a showing of causation, in her pleadings throughout the Memo. In Opp. but that deficiency is particularly glaring with regard to her claim for negligent infliction of emotional distress.

---

[8] ECF Doc. No. 10, Exhibit "E".

28383649.v1

Under the "direct duty" theory[9] of negligent infliction of emotional distress, plaintiff must demonstrate that defendant's conduct "unreasonably endangers the plaintiff's physical safety or causes the plaintiff to fear for his or her physical safety." Johnson v. New York City Bd. Of Educ., 270 A.D.2d 310, 312, 704 N.Y.S.2d 281, 283 (2d Dept 2000). Such a claim has three (3) elements under New York law: "(1) extreme and outrageous conduct, (2) *a causal connection between the conduct and the injury*, and (3) severe emotional distress (emphasis added)." Doe v Union Coll., 2020 US Dist. LEXIS 38136, at *19 (NDNY Mar. 5, 2020, No. 1:19-CV-284 (GLS/CFH)), citing Simpson ex rel. Simpson v. Uniondale Union Free Sch. Dist., 702 F. Supp. 2d 122, 134 (EDNY. 2010).

Plaintiff has failed to plead and cannot show such a causal relationship. She readily admits that Uber's actions merely induced her to use the Uber application. Memo. In Opp. at p. 13. She does not explain how her use of the application resulted in the emotional injuries alleged herein rather than the alleged intentionally tortious conduct of Hussain.

"It is well settled that the 'circumstances under which recovery may be had for purely emotional harm are extremely limited…" Brown v NY City Health & Hosps. Corp., 225 A.D.2d 36, 44, 648 N.Y.S.2d 880 (2d Dept 1996), citing Creed v. United Hospital, 190 A.D.2d 489, 491, 600 N.Y.S.2d 151 (2d Dept 1993).

Plaintiff has failed to demonstrate how her Complaint meets these limited circumstances.

## III.    PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED FOR VIOLATING NEW YORK'S CONSUMER PROTECTION LAW

Yet again, plaintiff's third cause of action, which purports to state a claim for violating New York's consumer protection statutes as set forth in N.Y. General Obligations law § 349, must

---

[9] As addressed in Uber's Memorandum of Law in Support and as undisputed by plaintiff, the "bystander theory" is inapplicable herein.

28383649.v1

fail as plaintiff has failed to plead causation.[10] See City of New York v. Smokes-Spirits.com, Inc., 12 N.Y.3d 616, 523 (2009) ("[M]ore than an allegation of 'but for' cause to state a claim under §349(h) is required.")

Here, the only direct cause of plaintiff's injuries is intentionally tortious conduct of Hussain, not any alleged promise made by Uber.  Plaintiff readily and repeatedly admits that Uber's purported misrepresentations merely led her to choose to utilize the Uber application.  The assault that is alleged herein did not occur because of her choice to use the Uber application but rather due to Hussain's alleged choice to engage in intentionally tortious conduct.

Instead of addressing this deficiency in her pleading, plaintiff instead cites to inapposite case law that does not address causation and presents drastically different factual circumstances as not a single cited case includes intentionally tortious conduct.  See Quinn v. Walgreens Co., 958 F. Supp. 2d 533 (SDNY 2013) (Allegations of misleading statements in the sale of dietary supplements.); see also, Oswego Laborer' Local 214 Pension Fund v. Marine Midland Bank, N.A., 85 N.Y.2d 20, 25, 623 N.Y.S.2d 529 (1995) (Allegations that limits on the interest on savings accounts was not disclosed when the accounts were advertised and opened.); Pelman v. McDonald's Corp., 396 F.3d 508 (2d Cir. 2005) (Allegations that a restaurant owner deceptively represented the nutritional benefits of the restaurant's food.); Koch v. Acker, Merrall & Condit Co., 18 N.Y.3d 940, 944 (2012) (Allegations of the sale of counterfeit wine.); Maurizio v. Goldsmith, 230 F.3d 518, 521 (2d Cir. 2000) (Allegations that a book was marketed without proper authorship credit.)

In a further attempt to distract from the legal insufficiency of her allegations under New York's consumer protection statutes, plaintiff cites to a California action brought under the

---

[10] Uber notes that it does not allege that this cause of action is subjected to the heightened pleading requirements of Fed. R. Civ. Proc. 9(b), despite plaintiff's incorrect assertion otherwise.  Memo. In Opp. at p. 14.

8

28383649.v1

Lanham Act while willfully ignoring that such claims against Uber have already been dismissed at the motion to dismiss stage by a New York Court under GOL § 349 because intentional torts were too far removed from any alleged promises by Uber.  Minzer, supra.[11] The same result is required herein.

Plaintiff has failed to state a claim upon which relief can be granted for deceptive trade practices and this cause of action must be dismissed.

**IV.    PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND HER COMPLAINT**

Despite previously informing defendant that she did not intend to amend her Complaint,[12] plaintiff lastly seeks leave to amend her Complaint if the Court finds the instant motion persuasive.

It is well settled that repleading is futile when "the problem with the causes of action is substantive." Cuoco v. Moritsugo, 222 F.3d 99, 112 (2d Cir 2000).  As repleading will not alter this Court's Fed. R. Civ. Pro. 12(b)(6) analysis and will not obviate the lack of causation herein, the problem with plaintiff's cause of action is substantive and a better pleading cannot and will not cure it.

**CONCLUSION**

Defendants Uber Technologies, Inc. respectfully requests that this Court dismiss Plaintiff's Complaint, together with such other and further relief as to the Court may deem just and proper.

Dated:  Garden City, New York
     November 20, 2020

---

[11] ECF Doc. No. 10, Exhibit "E".
[12] See Notice of Motion, ECF Doc. No. 10.

28383649.v1

Respectfully submitted,

GOLDBERG SEGALLA LLP

By:_____

Karen Saab-Dominguez, Esq.
Derek M. Zisser, Esq.
*Attorneys for Defendant*
*Uber Technologies, Inc.*
200 Garden City Plaza, Suite 520
Garden City, NY 11530-3203
Mailing Address:
P.O. Box 780, Buffalo, NY 14201
Phone: (516) 281-9800
Fax:    (516) 281-9801
File No.:  15896.0249

10

28383649.v1

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2020, I electronically filed the foregoing Reply Memorandum of Law in Further Support of Defendant Uber Technologies, Inc.'s FRCP 12(b)(6) Motion to Dismiss with the Clerk of the Court using the CM/ECF system which sent notification of the filing to all counsel of record.

_____

Karen Saab-Dominguez, Esq.
Derek M. Zisser, Esq.
**GOLDBERG SEGALLA LLP**
*Attorneys for Defendant*
*Uber Technologies, Inc.*
200 Garden City Plaza, Suite 520
Garden City, NY 11530-3203
Mailing Address:
P.O. Box 780, Buffalo, NY 14201
Phone: (516) 281-9800
Fax:    (516) 281-9801
File No.:  15896.0249
ksaab@goldbergsegalla.com
dzisser@goldbergsegalla.com

11

28383649.v1