```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
JANE DOE,                                                        :
                                                                 :
                              Plaintiff,                         :
                                                                 :       20-cv-8446 (LJL)
        -v-                                                      :
                                                                 :          ORDER
UBER TECHNOLOGIES, INC.,                                         :
                                                                 :
                              Defendants.                        :
                                                                 :
-----------------------------------------------------------------:
                                                                 X
```

USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 12/20/2021

LEWIS J. LIMAN, United States District Judge:

     Plaintiff Jane Doe ("Plaintiff" or "Doe") moves to compel responses to her interrogatories and document requests. Dkt. No. 38. Defendant Uber Technologies, Inc. ("Defendant" or "Uber") opposes the motion in part and cross-moves for additional time to complete fact discovery. Dkt. No. 40.

Interrogatory Responses

1. Plaintiff moves to compel responses to Interrogatory No. 1, which asks Uber to identify the persons at Uber with knowledge of information concerning the allegations in the amended complaint. Uber previously indicated only the names of teams at Uber with such knowledge but not the specific individuals who were members of those teams. Uber has committed to identify the individuals. Dkt. No. 40 at 1. The interrogatory is proper. Uber is ordered to respond by December 30, 2021.
2. Interrogatory No. 5 asks for the identity of advertising firms or agencies with whom Uber worked. Plaintiff claims that the identity of the firms is relevant in light of Plaintiff's claims under N.Y. GBL § 349. Dkt. No. 38 at 2. Uber responds that the request is overbroad and not narrowly tailored based on time period, location, or medium (broadcast, online, radio, or billboard); that it exceeds the scope of interrogatories permitted by Local Civil Rule 33.3, which, at this stage of the proceeding, permits interrogatories seeking names of witnesses with knowledge of information relevant to the subject matter of the action; that the information is not relevant; and that it constitutes trade secrets and is protected by the attorney-client privilege and attorney work product protection. Dkt. No. 40 at 2. The interrogatory is overbroad. The motion to compel is denied without prejudice to Plaintiff serving a more narrowly tailored interrogatory.
3. Uber has stated, in response to Interrogatories Nos. 1, 2, 3, 6 and 8 that "discovery is ongoing" and that Uber "reserves the right to supplement this response." Plaintiff demands that Uber provide its most complete response to the interrogatories. Dkt. No. 38

at 2.  Uber responds that it is willing to supplement its responses with the statement that the interrogatories are complete based on the information Uber has in its possession and asks that it be given fifteen days to do so.  Dkt. No. 40 at 2.  Uber's response is troubling.  Under Federal Rule of Civil Procedure 26(g), every discovery response must be signed by at least one attorney of record in the attorney's name and that signature constitutes a certification—as a matter of law and rule—that with respect to a disclosure, the disclosure "is complete and correct as of the time it is made."  Fed. R. Civ. P. 26(g).  Thus, through the signature on the interrogatory responses, Plaintiff should have the relief she is seeking.  In addition, under Federal Rule of Civil Procedure 26(e)(1)(A), both parties are under a duty to supplement their responses to discovery requests "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1)(A).  The challenged statement is not properly a "reservation."  It is a statement of the legal duties binding on both parties.  However, the Court will grant Uber until December 30, 2021 to provide a statement that its responses to Interrogatories Nos. 1, 2, 3, 6 and 8 are complete and correct, and to revise the interrogatories to ensure that such certification is accurate.

Request for Production of Documents ("RFP")
1. With regard to RFP Nos. 1, 8, and 9, Plaintiff complains that Uber refuses to provide internal communications "concerning the allegations in the Amended Complaint" (RFP No. 1); "concerning the testimony of [Uber employee] Venkata Gorthy at the criminal trial of [Iqbal] Hussein" (RFP No. 8); and "concerning the decision to provide a representative to offer testimony at the criminal trial of Hussein" (RFP No. 9).  It further complains that, notwithstanding Uber's assertion of privilege, Uber did not timely produce a privilege log and the privilege log it did produce was noncompliant with Local Civil Rule 26.2 because it did not provide "the general subject matter of the document" being logged and withheld.  Dkt. No. 38 at 3.  Uber states that the documents sought are protected by the attorney–client privilege or attorney work product doctrine and that it is willing to provide a supplemental privilege log regarding these objections.  Dkt. No. 40 at 2.  Under Local Civil Rule 26.2(b), a privilege log must be furnished in writing at the time of the response to discovery or disclosure unless otherwise ordered by the Court.  Loc. Civ. R. 26.2(b).  Local Civil Rule 26.2 also addresses the content and form of the privilege log.  *See In re Bystolic Antitrust Litig.*, 2021 WL 878568, at *3 (Mar. 9, 2021).  A party who fails to timely serve a compliant privilege log may be deemed to waive the privilege.  *See Brown v. Barnes and Noble, Inc.*, 474 F. Supp. 3d 637, 647 (S.D.N.Y. 2019) ("The unjustifiable failure to timely provide a privilege log operates as a waiver of any applicable privilege."); *S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 157 (S.D.N.Y. 2014) (holding that "a party's failure to comply with the requirements of Fed. R. Civ. P. 26(b)(5) or Local Civil Rule 26.2 may result in a waiver of the privilege"); *OneBeacon Ins. Co. v. Forman Intern., Ltd.*, 2006 WL 3771010, at *8 (S.D.N.Y. Dec. 15, 2006) ("[Attorney] has thus waived any privilege with respect to its withheld documents by failing to properly identify them on a privilege log in compliance with Rule 45(d)(2),

Fed. R. Civ. P., and Local Rule 26.2."); *FG Hemisphere Assocs., L.L.C. v. Republique Du Congo*, 2005 WL 545218, at *6 (S.D.N.Y. Mar. 8, 2005) (stating that "[a]s judges in this District and I have repeatedly held, the unjustified failure to list privileged documents on the required log of withheld documents in a timely and proper manner operates as a waiver of any applicable privilege," and collecting cases). Uber may serve a compliant privilege log by December 30, 2021.

2. RFP No. 16 asks for documents "concerning advertisements for Uber, which were made public and visible to persons in New York between January 1, 2016 and June 7, 2018." Uber has resisted production of documents pursuant to this request on the grounds that it is vague and overbroad because it calls for all advertisements over a thirty-month period. It claims that Plaintiff should tailor the request to specific categories of advertisements and a narrower time period. Dkt. No. 40 at 2–3. The motion to compel is denied. Under Federal Rule of Civil Procedure 26(b)(1), the scope of discovery is limited to matters that are relevant to a party's claim or defense and must be proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The Court may grant a protective order to protect a party against undue burden or expense. Fed. R. Civ. P. 26(c)(1). Plaintiff alleges an injury occurring on a single date. New York General Business Law § 349 requires a privilege plaintiff to allege and prove causation among other elements. *See Small v. Lorillard Tobacco Co.*, 720 N.E.2d 892, 897 (N.Y. 2013) ("[P]roof that a material deceptive act or practice caused actual, although not necessarily pecuniary, harm is required to impose compensatory damages."). Plaintiff presumably knows the category of advertisements that she claims caused her harm and will have to show that those were made somewhat proximate to her injury such that they could have caused the injury.

The following constitutes the Court's rulings on the other requests for relief:

1. With regard to reproduction of all documents produced by Uber without redactions and in accordance with Plaintiff's ESI protocol, this matter is not addressed in the letter briefs. The request is denied without prejudice to a renewed motion by Plaintiff after meeting and conferring with Defendant.
2. Plaintiff requests a certification signed by an Uber representative indicating that all documents responsive to the RFPs have been produced. As noted, Rule 26(g) contains the certification that Plaintiff requests. If the document responses do not have the requisite signature, Uber is ordered to provide it by December 30, 2021.
3. Uber asks for the Court to extend the time for the parties to complete fact discovery by ninety days, noting that its motion to dismiss Plaintiff's claim based on common carrier liability is currently before the Court. The motion is granted. The parties are ordered to meet and confer and to submit a revised proposed case management plan, based on the form available on the Court's website, by December 30, 2021.

SO ORDERED.

Dated: December 20, 2021
      New York, New York

                                              LEWIS J. LIMAN
                                        United States District Judge

4