```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
JANE DOE,                                                        :
                                                                 :
                                                                 :
                              Plaintiff,                         :
                                                                 :        20-cv-8446 (LJL)
          -v-                                                    :
                                                                 :            ORDER
UBER TECHNOLOGIES, INC.,                                         :
                                                                 :
                              Defendant.                         :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/04/2022

LEWIS J. LIMAN, United States District Judge:

  Defendant Uber Technologies, Inc ("Defendant") moves pursuant to Federal Rules of Civil Procedure 30(a)(2) and 37(a) for an order compelling Plaintiff Jane Doe ("Plaintiff") to appear for a deposition pursuant to subpoena. Dkt. No. 44. Defendant also moves pursuant to Federal Rule of Civil Procedure 26(c) for a protective order relieving it of the obligation to respond to Plaintiff's interrogatory seeking the identification of advertising firms or agencies with whom Defendant worked on advertisements concerning safe rides. *Id.*

  The motion to compel Plaintiff's attendance at the deposition is granted. Plaintiff was served with a notice and subpoena requiring her to appear for deposition on January 25, 2022; the notice is dated December 30, 2021. Dkt. No. 44-3. She failed to appear. Plaintiff's only response is to state that she should be permitted to take the depositions of the witnesses from Uber whom she has noticed first. Dkt. No. 45 at 3. But there is no priority of depositions under the Federal Rules of Civil Procedure. Plaintiff shall appear for a deposition on or before March 18, 2022. The parties also squabble with respect to Defendant's witnesses but there is no motion before the Court as to those witnesses. The Court expects all depositions to be completed well within the time period for fact depositions of March 30, 2022 and that the parties meet and confer regarding depositions in good faith.

  The motion for a protective order relieving Defendant of the obligation to respond to the interrogatory also is granted. The interrogatory calls for the identity of the "advertising firms or agencies with whom Uber worked in the years 2015-2018 to place advertisements visible in the New York market concerning Uber offering either (a) safe rides; (b) the safest rides on the road; or (c) a safe option for intoxicated passengers." Dkt. No. 44. Local Civil Rule 33.3(a) addresses interrogatories at the start of litigation. It provides as follows:

> Unless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian,

   location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature.

L.R. 33.3(a).  The rule thus limits interrogatories to those "seeking names of witnesses," information relating to "the computation of damages," and "the existence, custodian, location and general description of relevant documents." *Rouviere v. DePuy Orthopaedics, Inc.*, 2020 WL 1080775, at *1 (S.D.N.Y. Mar. 7, 2020).  Plaintiff has failed to establish that the interrogatory is a more practical method of discovery than requests for production or depositions.[1]

  SO ORDERED.

Dated: March 4, 2022
   New York, New York

                    LEWIS J. LIMAN
                    United States District Judge

---

[1] The Court does not and need not reach the question on this motion whether the information is relevant within the meaning of Rule 26(a).